FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 22  AM 8: 02

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK CHEATHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2653** |
| **TERREBONNE NARCOTIC TASK FORCE, ET AL.** | **SECTION "D" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Mark Cheatham, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Terrebonne Narcotic Task Force, Agent Darryl Stewart, and the Terrebonne Parish Sheriff's Department. In this lawsuit, plaintiff claims that he was falsely arrested based on Stewart's false affidavits. As relief, plaintiff seeks $10,000,000 in damages.

On July 14, 2005, a Spears hearing was held to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No _____

complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff was asleep in his house when his door was kicked in by Agent Darryl Stewart, who said he had a warrant for plaintiff's arrest. Plaintiff and his family were taken outside, and law enforcement officers searched the house. The officers then asked plaintiff to sign a consent form to conduct a more thorough search of the house. Plaintiff refused. While other officers stayed on the scene, Stewart then left and procured a search warrant. Once the search warrant was in hand, the officers again searched the house.

Plaintiff was arrested for distribution of crack cocaine. When he was later allowed to view a videotape of the drug transactions, he realized that the perpetrator in the videotape was his brother who, by that time, was already in jail on other charges. Plaintiff's brother signed an affidavit saying that he was the one distributing the drugs, and plaintiff's other brother offered to sign an affidavit saying that it was his drugs that were found during the search of the house. Police also subsequently found $20, 480 in cash under the hood of one of the vehicles towed from the yard during the search, which plaintiff contends was money he was holding on behalf of his relatives. Police contended that they found drugs with the money, which plaintiff states is untrue.

On the advice of counsel, plaintiff pled guilty to the distribution charges and was sentenced to a term of twenty-five years imprisonment. He has filed a state post-conviction application, but he has not yet received a ruling on that application.

Plaintiff filed this lawsuit *in forma pauperis*.[2]  An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness ... at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

Construing the complaint broadly[2] and fully considering the Spears hearing testimony, the Court finds that plaintiff's complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

---

[2]    Rec. Doc. 2.

[2]    The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

As an initial matter, the Court notes that two of the entities plaintiff has sued, the Terrebonne

Parish Sheriff's Department and the "Terrebonne Narcotic Task Force," are improper defendants.

In Louisiana, "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa

Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Causey v. Parish

of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863,

865 (M.D. La. 1988).  Therefore, neither the Sheriff's Department nor the task force, which is a

division of that department, are proper defendants.

As to plaintiff's false arrest claims against Agent Darryl Stewart, those claims are currently

barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court

stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when
> a state prisoner seeks damages in a § 1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply the invalidity
> of his conviction or sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  Heck bars claims for false arrest

until such time as a plaintiff obtains a favorable disposition on *all* convictions stemming from the

challenged arrest.  Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); see also Thompson v. City of

Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd, 158 F.3d 583 (5th Cir. 1998); see also

Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La.

4

Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998).  Because plaintiff currently stands convicted of the drug distribution charges stemming from his arrest, his false arrest claims are currently barred by Heck.  Claims barred by Heck are legally frivolous.  See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, No. 03-41010, 2004 WL 75452 (5th Cir. Jan. 14, 2004) (unpublished); Kingery v. Hale, No. 03-20256, 2003 WL 22014564 (5th Cir. Aug. 26, 2003) (unpublished).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Terrebonne Parish Sheriff's Department and the Terrebonne Narcotic Task Force be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER RECOMMENDED** plaintiff's claims against Darryl Stewart be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _20TH_ day of July, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**